UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY D. JONES,<br><br>                Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, JOHN ALDANA, D. WALLACE, DAN PACHOLKE, LORI LAWSON,<br><br>                Defendant. | No. C13-5084 RBL/KLS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 12. Having carefully reviewed Plaintiff's motion and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

ORDER - 1

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff asks that counsel be appointed for him because he is indigent, has been unable to find counsel on his own, and has limited knowledge of the legal process.  ECF No. 12 at 1-2.  The Court finds no exceptional circumstances in this case.  Plaintiff has clearly shown an ability to articulate his claims in a manner understandable to this Court.  The pleadings on file in this case demonstrate that Plaintiff is familiar with the Court rules as well as the law pertaining to his claims.  This case does not involve complex facts or law.  Plaintiff claims that he was discriminated against because of his religion, and that Defendants violated his rights under the First Amendment.  This case will not require the use of experts or any other unusual analysis or argument.

In addition, Plaintiff's incarceration does not increase the complexity of his case.  That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.  If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."  *Id.*

ORDER - 2

While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant.   In addition, Plaintiff has not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 12) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  2nd   day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3