UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY D. JONES,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, JOHN ALDANA, D. WALLACE, DAN PACHOLKE, LORI LAWSON,<br><br>                Defendants. | CASE NO. 13-5084 RBL/KLS<br><br>ORDER DENYING MOTION TO AMEND |

      Before the Court is Plaintiff's Motion to Amend Complaint. ECF No. 24. Defendants oppose the amendment. ECF No. 25. Having carefully reviewed the motion, opposition, and balance of the record, the Court finds that the motion should be denied.

## BACKGROUND

      On February 7, 2013, Plaintiff filed an application to proceed *in forma pauperis* (IFP) with a proposed civil rights complaint. ECF No. 1. On April 9, 2013, the Court entered an order directing service of Plaintiff's complaint. ECF No. 11. Defendants filed their answer on May 1, 2013. ECF No. 18. In his motion to amend, Plaintiff asks to submit an amended complaint and asks how many defendants can be on the same claim. He also asks to add his wife to his civil complaint. *Id.*

**DISCUSSION**

The motion for leave to amend the complaint is governed by Fed.R.Civ.P. 15(a), which states in pertinent part, that a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Allowance of amendments after a responsive pleading has been served is within the sound discretion of the trial court. *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659 (9th Cir. 1969). However, futile amendments should not be permitted. *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650 (9th Cir. 1984) (*citing Klamath-Lake Pharmaceutical Assn v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)).

Here, Plaintiff is seeking to amend his complaint after a responsive pleading has been filed. It is entirely unclear from Plaintiff's motion what claims and/or defendants he wishes to add to his complaint. Although he states that he wants to add his wife as a party, it is unclear whether he intends to add her as a plaintiff or as a defendant and what claim or claims relate to her. ECF No. 24 at ¶1; ECF No. 24 at ¶4. Because Plaintiff did not attach a proposed first amended complaint to operate as a complete substitute for the present complaint, the Court is unable to determine if an amendment would be appropriate.

Accordingly, it is **ORDERED:**

1)   Plaintiff's motion to amend (ECF No. 24) is **DENIED.**

2)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this  3rd  day of June, 2013.

Karen L. Strombom
United States Magistrate Judge